■ In the Matter of the Claim of GEORGE WARNER, Respondent, v. R. K. DAVID MOVING & STORAGE et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. Appeal from a decision awarding workmen's compensation benefits in a heart case. There was proof that claimant, a truck driver, within a period of 53 hours operated a moving van long distances and performed the work of loading and unloading furniture, with but one hour's sleep during the period; and while on the last leg of the journey was compelled by pain to stop his van, from which he was removed to a hospital and admitted upon a diagnosis of myocardial infarction. Ample medical evidence related the injury to the strain of hours of continuous work without sleep. The board found that "claimant experienced unusual and excessive strain as a result of both lack of sleep over the extensive period and the physical activities required in performing the work * * * and that such strain was sufficiently strenuous to cause and did cause the claimant to suffer a coronary infarction." Appellants resist the award on their contention that there exists "a serious question of the credibility of this claimant"; this by reason of a contradictory statement given an insurance investigator after the accident. Claimant offered the explanation that he would become unemployable at his work if it were known to an insurance carrier that he had a heart attack while driving; further, that he could not log the long hours worked in violation of Interstate Commerce Commission rules; and, finally, that the employer's president had told him that the insurance rates would be raised if he told "exactly what happened". The carrier failed to produce the company officer

thus referred to although its requests to be permitted to produce him at adjourned hearings were twice granted. (Cf. *Matter of Brame* v. *Alcar Trucking Co.,* 31 A D 2d 881.) As with other questions of credibility, the weight to be given the conflicting statements and the claimant's explanation was for the board. (*Matter of MacKenzie* v. *Glens Falls Country Club,* 32 A D 2d 586.) The evidence underlying the hypothetical question addressed to claimant's medical expert was that which the board was entitled to, and did accept. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Cooke JJ., concur in memorandum by Gibson, P. J.